IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Matthew Nolan *et al.*, | ) |
| Appellants, | ) |
| v. | ) Civil Action No.: 10-C-7718 |
| | ) Suzanne B. Conlon, Judge |
| Interim Funding Corporation, | ) |
| Appellee. | ) |

## MEMORANDUM OPINION AND ORDER

Matthew Nolan and Erika Turrigiano Nolan ("the Nolans") move for a stay pending appeal of the judgment of the United States Bankruptcy Court for the Northern District of Illinois entered on November 17, 2010, authorizing turnover of the Nolans' vehicle to Interim Funding Corporation ("IFC"). For the reasons set forth below, the motion is denied.

## BACKGROUND

On January 7, 2009, the Nolans filed voluntary petitions for relief pursuant to Chapter 7 of the Bankruptcy Code. On their schedules of assets and liabilities, the Nolans included a disputed claim in the amount of $600,000 in favor of IFC. On April 13, 2009, IFC filed an adversary proceeding against the Nolans pursuant to 11 U.S.C. §§ 523(a)(2) and 727 regarding the amount owed by the Nolans. On August 5, 2009, IFC filed a motion for default judgment. On August 12, 2009, the bankruptcy court entered a default judgment in favor of IFC and against the Nolans in the amount of $600,000 and determined the debt was non-dischargeable. Thereafter, the Nolans participated in depositions in response to citations to discover assets.

On August 12, 2010, IFC filed a motion for turnover of the Nolans' vehicle and certain other assets. On October 22, 2010, the Nolans filed a motion to vacate the August 12, 2009 default judgment order. On November 17, 2010, the bankruptcy court entered orders granting IFC's turnover motion with respect to the Nolans' vehicle and denying the Nolans' motion to vacate the default judgment. On November 26, 2010, the Nolans filed a motion to stay pending appeal with the bankruptcy court. On December 1, 2010, the Nolans filed notices of appeal of the November 17, 2010 orders. On December 1, 2010, the bankruptcy court denied the Nolans' motion to stay pending appeal. In response to an emergency motion, on December 14, 2010, the district court entered a stay to December 30, 2010. The Nolans seek an extension of the stay pending disposition of their appeals.

## ANALYSIS

A court may enter a stay pending appeal. Fed. R. Civ. P. 62(d) (made applicable in an adversary proceeding by Fed. R. Bankr. P. 7062); Fed. R. Bankr. P. 8005. To be entitled to stay relief, the Nolans must show a likelihood of success on the merits, and that they will suffer irreparable harm absent the stay. *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1300 (7th Cir. 1997); *In re Raymond Prof'l Group, Inc.*, 438 B.R. 130, 137 (Bankr. N.D. Ill. 2010). If the Nolans cannot satisfy either of these two factors, a stay should be denied without consideration of whether a stay would substantially harm other parties-in-interest and is in the public interest. *Forty-Eight*, 115 F.3d at 1301; *Raymond Prof'l*, 438 B.R. at 137. To satisfy the first element, the Nolans "need to demonstrate a substantial showing of likelihood of success, not merely the possibility of success, because they must convince [this] court that the [bankruptcy] court, after

having the benefit of evaluating the relevant evidence, has likely committed reversible error." *Forty-Eight*, 115 F.3d at 1301. The Nolans have not met their burden.

The Nolans sought relief from the bankruptcy court's August 12, 2009 default judgment order claiming "excusable neglect." Fed. R. Civ. P. 60(b)(1) (made applicable by Fed. R. Bankr. P. 9024). A Rule 60(b)(1) motion must be filed within one year after the entry of the final judgment. Fed. R. Civ. P. 60(c)(1); *Pioneer Inv. Servcs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393, 113 S. Ct. 1489, 1497, 123 L. Ed. 2d 74 (1993); *Ackermann v. United States*, 340 U.S. 193, 197, 71 S. Ct. 209, 211, 95 L. Ed. 207 (1950); *Valadez v. Rydz*, 319 Fed. Appx. 423, 424-25 (7th Cir. 2008); *Wesco Products Co. v. Alloy Auto. Co.*, 880 F.2d 981, 983 (7th Cir. 1989). The Nolans filed their motion to vacate the default judgment order on October 22, 2010, more than one year after the entry of the August 12, 2009 order. The Nolans request for stay relief is time-barred under Rule 60(c)(1).

The Nolans contend an exception to Rule 60(c)(1)'s one-year limitation applies, and thus a likelihood of success on the merits exists. Bankruptcy Rule 9024 states, "Rule 60 F.R.Civ.P. applies in cases under the Code except . . . the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(c). . . ." Fed. R. Bankr. P. 9024. The default judgment order by its terms did not allow or disallow a claim. Rather, the bankruptcy court ruled in the order that the Nolans' debt to IFC in the amount of $600,000 was non-dischargeable.

The Nolans argue a dischargeability action requires that the creditor establish a valid claim against the debtor or the estate under applicable non-bankruptcy law. *Chicago Midwest Credit Serv. Corp. v. Trovato (In re Trovato)*, 145 B.R. 575, 579 (Bankr. N.D. Ill. 1991) (citing

3

*Grogan v. Garner*, 498 U.S. 279, 283-84, 111 S. Ct. 654, 657-58, 112 L. Ed. 2d 755 (1991)). Determining the validity of a claim in a nondischargeability context does not equate to entering an order "allowing or disallowing a claim against the estate." Fed. R. Bankr. P. 9024. The former occurs in an adversary proceeding. Fed. R. Bankr. P. 7001(6). The latter occurs in a bankruptcy case. *See* 11 U.S.C. § 502. Allowance or disallowance of a claim is not included in the list of adversary proceedings. Fed. R. Bankr. P. 7001. The default judgment against the Nolans was entered in an adversary proceeding.

## CONCLUSION

Under the first prong of the test to obtain stay relief, the Nolans were required to demonstrate a substantial showing of likelihood of success on the merits. *Forty-Eight*, 115 F.3d at 1301. Based upon the language of the default judgment order and the type of proceeding in which it was entered, the Nolans have not satisfied their burden. There is no need to reach the remaining three factors for determining entitlement to stay relief. *Id.* at 1304. The Nolans' motion is denied.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

December 30, 2010

4