IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Bankruptcy No. 09-00330 |
| Matthew Nolan and Erika Turrigiano Nolan, | ) | |
| Debtors. | ) | |
| Interim Funding Corporation, | ) | Adversary Proceeding No. 09-00325 |
| Plaintiff, | ) | |
| v. | ) | |
| Matthew Nolan *et al.*, | ) | |
| Defendants. | ) | |
| Matthew Nolan *et al.*, | ) | Civil Action Nos: 10-C-7718, 10-C-7720 |
| Appellants, | ) | Suzanne B. Conlon, Judge |
| v. | ) | |
| Interim Funding Corporation, | ) | |
| Appellee. | ) | |

**MEMORANDUM OPINION AND ORDER**

On November 17, 2010, the bankruptcy court entered orders authorizing turnover of Erika Nolan's 2006 Toyota Highlander to Interim Funding Corporation ("IFC") and denying Matthew and Erika Nolans' motion to reopen adversary proceeding, vacate the default judgment entered on August 12, 2009, and extend time to respond to IFC's complaint. *Interim Funding*

*Corp. v. Matthew Nolan (In re Nolans),* Adv. Proc. No. 09-00325 (Doyle, J.). The Nolans appeal.

**BACKGROUND**

On January 7, 2009, the Nolans filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code. Adv. Proc. Dkt. No. 37 at ¶ 3; 38 at ¶ 3. In their petition, the Nolans set forth 6930 South Euclid Avenue, Chicago, Illinois as their street address. *Id.* at 52, Ex. 2. On their schedules of assets and liabilities, the Nolans included a disputed claim in the amount of $600,000 in favor of IFC. *Id.*

On April 13, 2009, IFC filed an adversary proceeding against the Nolans pursuant to 11 U.S.C. §§ 523(a)(2) and 727. *Id.* at 1. A copy of the complaint was mailed to the Nolans at their Euclid address and to Deborah Ebner, who served as the Nolans' counsel in their Chapter 7 case, but not in any adversary proceedings. *Id.* at 1, 6-7, 39, 52 (Ex. 3). On August 5, 2009, IFC filed a motion for default judgment and served a copy on the Nolans at their Euclid address, on Mr. Nolan at the Metropolitan Correctional Center[1] and on Ebner. *Id.* at 10, 52 (Ex. 3). The Nolans did not respond to the complaint or the default motion. On August 12, 2009, the bankruptcy court entered a default judgment in favor of IFC and against the Nolans in the amount of $600,000 and determined the debt was non-dischargeable. *Id.* at 11.

On August 31, 2009, IFC personally served a citation to discover assets on Mrs. Nolan at her Euclid address. *Id.* at 13; 14. As a result of Mrs. Nolan's failure to appear at her citation examination, the bankruptcy court entered an order on November 3, 2009 for rule to show cause

[1] Mr. Nolan was arrested on February 26, 2009, after the United States filed a complaint for provisional arrest with a view toward extradition to Costa Rica. *United States v. Nolan*, 651 F. Supp. 2d 784, 790 (N.D. Ill. 2009) (Mason, J.). Mr. Nolan was released on August 6, 2010. Adv. Proc. Dkt. No. 37, ¶ 5.

requiring her to appear before the court on December 1, 2009. *Id.* at 18. Mrs. Nolan's citation examination was conducted on February 26, 2010. *Id.* at 52, Ex. 5. On July 12, 2010, IFC filed a motion to conduct a citation examination of Mr. Nolan at the MCC and to allow service by regular mail, which the bankruptcy court granted on July 20, 2010. *Id.* at 23, 24. Mr. Nolan's citation examination was conducted on July 30, 2010. *Id.* at 52, Ex. 6.

On August 12, 2010, IFC filed a motion for turnover of Mrs. Nolan's vehicle and certain other assets. *Id.* at 26. IFC served a copy of the motion on the Nolans at their Euclid address and attorney Ted Poulos. *Id.* The Nolans attended a hearing on the turnover motion on August 19, 2010, and requested additional time to respond. *Id.* at 37, ¶ 15; *Id.* at 38, ¶ 15. On September 21, 2010, the Nolans met with Chicago Volunteer Legal Services regarding legal representation in the adversary proceeding. *Id.* On October 12, 2010, the Nolans retained Kirkland & Ellis as counsel in the adversary proceeding on a *pro bono* basis. *Id.*

On October 22, 2010, the Nolans filed a motion to reopen the adversary proceeding, vacate the August 12, 2009 default judgment and provide additional time to answer or otherwise respond to IFC's complaint. *Id.* at 40. The Nolans argued IFC obtained the default judgment without their knowledge, and that they first learned of the adversary proceeding and the default judgment order in November 2009. *Id.* The Nolans contended their failure to respond to the adversary complaint and the default judgment motion constituted excusable neglect. *Id.* (citing Fed. R. Civ. P. 60(b)(1) (applicable in an adversary proceeding pursuant to Fed. R. Bankr. P. 9024)).

On November 16, 2010, the bankruptcy court entered orders granting IFC's turnover motion with respect to Mrs. Nolans' vehicle and denying the Nolans' motion to vacate the

default judgment. *Id.* at 57, 58. During the hearing on the motions, the bankruptcy court entered its findings of fact and conclusions of law on the record. Transcript of November 16, 2010 hearing ("Hr'g Tr."). The bankruptcy court found IFC's service of the complaint and the default judgment motion on the Nolans was effected, and that the Nolans took no action regarding the default judgment until October 22, 2010, despite learning of the default judgment in November 2009 and having their citation examinations conducted in February and July 2010. *Id.* at 15-18. The bankruptcy court concluded the Nolans' motion to vacate based on Rule 60(b)(1) was time-barred because it was filed more than one year after entry of the default judgment, and an exception to the one-year limitation was inapplicable.[2] *Id.* at 7-8. On December 1, 2010, the Nolans filed notices of appeal of the November 17, 2010 orders. Adv. Proc. Dkt. 62, 63. On December 30, 2010, this court denied the Nolans' motion for a stay pending appeal.

## ANALYSIS

### I. Standard of Review

This court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1). The bankruptcy court's conclusions of law, including its interpretation of the Bankruptcy Code and Bankruptcy Rules, are reviewed *de novo*. *In re Birkenstock*, 87 F.3d 947, 951 (7th Cir. 1996); *Mitan v. Duval (In re Mitan)*, 573 F.3d 237, 244 (6th Cir. 2009). The bankruptcy court's findings of fact are subject to a clearly erroneous standard. *Meyer v. Rigdon,* 36 F.3d 1375, 1378 (7th Cir. 1994); Fed. R. Bankr. P. 8013. A denial of a Rule 60(b) motion is reviewed for an

---

[2] The Nolans also argued Rule 60(b)(4) supported vacating the default judgment. The bankruptcy court denied Rule 60(b)(4) relief based on *United Student Aid Funds, Inc. v. Espinosa*, – U.S. –, 130 S. Ct. 1367, 176 L. Ed. 2d 158 (2010), which stated "a judgment is not void . . .simply because it is or may have been erroneous." 130 S. Ct. at 1377 (quoting *Hoult v. Hoult*, 57 F.3d 1, 6 (1st Cir. 1995)). The Nolans did not appeal this ruling.

abuse of discretion. *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir. 1986); *Sudeikis v. Chicago Transit Authority*, 774 F.2d 766,769 (7th Cir. 1985). "Because relief under Rule 60(b) is 'an extraordinary remedy and is granted only in exceptional circumstances,' a [bankruptcy] court abuses its discretion only when 'no reasonable person could agree' with the decision to deny relief." *Eskridge v. Cook County,* 577 F.3d 806, 809 (7th Cir. 2009) (quoting *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000)).

## II. Discussion

Through their motion to vacate, the Nolans sought relief from the bankruptcy court's August 12, 2009 default judgment order claiming "excusable neglect." Fed. R. Civ. P. 60(b)(1) (applicable pursuant to Fed. R. Bankr. P. 9024). A Rule 60(b)(1) motion must be filed within one year after entry of the final judgment. Fed. R. Civ. P. 60(c)(1); *Pioneer Inv. Servcs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393, 113 S. Ct. 1489, 1497, 123 L. Ed. 2d 74 (1993); *Ackermann v. United States*, 340 U.S. 193, 197, 71 S. Ct. 209, 211, 95 L. Ed. 207 (1950); *Valadez v. Rydz*, 319 Fed. Appx. 423, 424-25 (7th Cir. 2008); *Wesco Products Co. v. Alloy Auto. Co.*, 880 F.2d 981, 983 (7th Cir. 1989). The Nolans filed their motion to vacate the default judgment order on October 22, 2010, more than one year after the entry of the August 12, 2009 order. Bankruptcy Rule 9006 provides the bankruptcy court "may not enlarge the time for taking action under" Rule 60. Fed. R. Bankr. P. 9006(c)(2). Pursuant to Rule 60(c)(1), the Nolans' motion was time-barred.

The Nolans contend an exception to Rule 60(c)(1)'s one-year limitation applies. Bankruptcy Rule 9024 provides, "Rule 60 F.R.Civ.P. applies in cases under the Code except . . . the reconsideration of an order allowing or disallowing a claim against the estate entered without

a contest is not subject to the one year limitation prescribed in Rule 60(c). . . ." Fed. R. Bankr. P. 9024. The Nolans argue the default judgment order, which provided that their debt to IFC was non-dischargeable, also allowed a claim in the amount of $600,000, thereby rendering Bankruptcy Rule 9024 applicable.

A dischargeability action involves a two-step process. *Chicago Midwest Credit Serv. Corp. v. Trovato (In re Trovato),* 145 B.R. 575, 579 (Bankr. N.D. Ill. 1991) (Wedoff, J.) (citing *Grogan v. Garner*, 498 U.S. 279, 283-84, 111 S. Ct. 654, 657-58, 112 L. Ed. 2d 755 (1991)). The creditor must first establish a valid claim under applicable non-bankruptcy law. *Id.* Once demonstrated, the issue of non-dischargeability under the Bankruptcy Code arises. *Id.* Determining the validity of a claim in a nondischargeability context does not equate to entering an "order allowing or disallowing a claim against the estate." Fed. R. Bankr. P. 9024. *Trovato* considered whether Chicago Midwest held a valid claim under Illinois law against Trovato for fraud, defalcation, embezzlement and larceny arising from a lawyer kickback scheme. 145 B.R. at 579-80. In finding that Chicago Midwest's clients, not Chicago Midwest itself, held the non-dischargeable claims, the bankruptcy court declined to enter an order "disallowing" Chicago Midwest's claim. *Id.* at 579, 581. Similarly, in finding Chicago Midwest had one non-dischargeable claim against Trovato in the amount of $2,166.20, the bankruptcy court did not state it was "allowing" the claim against Trovato's estate. *Id.* at 581.

Allowance or disallowance of a claim occurs in a bankruptcy case. *See* 11 U.S.C. §§ 501, 502. Bankruptcy Rule 7001, which lists the adversary proceedings, does not include a determination that a claim be allowed or disallowed against the debtor's estate. *Cf. Matter of Plunkett*, 82 F.3d 738, 740 (7th Cir. 1996) ("Proof of claim is a core rather than an adversary

proceeding. . . ."). The default judgment order entered in IFC's adversary proceeding by its terms did not allow or disallow a claim against the Nolans' bankruptcy estate.[3]

The Nolans do not cite Supreme Court or Seventh Circuit authority that an order deeming a debt non-dischargeable pursuant to § 523 constitutes an order allowing a claim against the debtor's estate. The Nolans cite *Stentz v. Stentz (In re Stentz)*, 197 B.R. 966 (Bankr. D. Neb. 1996), *PNK (Lake Charles), LLC v. Guevara (In re Guevara)*, 409 B.R. 442 (Bankr. S.D. Tex. 2009) and *Illinois Dep't of Public Aid v. Wilder (In re Wilder)*, 178 B.R. 174 (Bankr. E.D. Mo. 1995). While *Stentz* allowed a claim as part of a dischargeability action, the court did not rely on the Bankruptcy Code or the Bankruptcy Rules in doing so. 197 B.R. at 971. Similarly, finding a claim not allowable in *Guevara* or a debt unenforceable in *Wilder* does not correspond to entering an order allowing or disallowing a claim against the debtor's estate. The bankruptcy court did not err in holding Bankruptcy Rule 9024's exception inapplicable as to the default judgment order.

The Nolans argue that if Bankruptcy Rule 9024's exception applies, their motion to vacate could have been filed at any time. Reply Brief at 7. The Nolans cite *In re Enron Corp.*, 352 B.R. 363, 367 (Bankr. S.D.N.Y. 2006) and *In re Willoughby*, 324 B.R. 66 (Bankr. S.D. Ind. 2005), neither of which were dischargeability adversary proceedings. *Enron* and *Willoughby* do not consider Rule 60(c)'s additional requirement that Rule 60(b) motions be filed within a reasonable time. Rule 60(c)(1) provides, "[a] motion under Rule 60(b) must be made *within a*

[3] The parties argue whether a proof of claim must be filed in order for a claim to be allowed or disallowed, and whether an "informal" proof of claim is sufficient. The court does not reach either argument because of the distinction between a bankruptcy case, in which allowance of a claim occurs, and an adversary proceeding, in which it does not.

*reasonable time – and* for reasons (1), (2) and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1) (emphasis added). Bankruptcy Rule 9024's exception expressly applies to Rule 60(c)(1)'s one-year limitation, not that provision's reasonable time requirement. The Seventh Circuit has recognized a Rule 60(b)(1) motion may be untimely if it is filed within the one-year period but not within a reasonable time. *Kagan,* 795 F.2d at 610 ("the one-year period represents an extreme limit").

The Nolans contend they filed their motion within a reasonable time to satisfy Rule 60(c)(1). Reply Brief at 1, 7. In determining the Nolans "sat on their rights," the bankruptcy court found the Nolans took no action for nearly a year and a half after IFC filed the adversary proceeding; service of the adversary complaint and default judgment motion on the Nolans at their Euclid address, as well as service of the default judgment motion on Mr. Nolan at the MCC, was proper; the Nolans knew of the default judgment as of November 2009; Mrs. Nolan attended her citation examination in February 2010; and Mr. Nolan's citation examination occurred in July 2010. Hr'g Tr. at 10, 15-18, 27-28. Mrs. Nolan admits receiving a fax from IFC's counsel regarding her citation examination, which attached the default judgment order, and contacting attorney Poulos regarding the adversary proceeding.[4] Adv. Proc. Dkt. No. 38 at ¶ 13. Mr. Nolan admits learning of the default judgment from his wife in November 2009. *Id.* at 37, ¶¶ 12-13. The Nolans did not appeal the bankruptcy court's findings and conclusions that service of the adversary complaint and default judgment motion was proper. The record includes United States

---

[4] Mrs. Nolan states she received the fax around October 31, 2009. Adv. Proc. Dkt. No. 38 at ¶ 13. The letter that IFC's counsel sent to Mrs. Nolan by fax is dated September 9, 2009. *Id.* at 52, Exs. 3, 8. Though Mrs. Nolan may have known of the default judgment earlier, the bankruptcy court did not err in finding she knew of the judgment as of November 2009.

Postal Service certificates of service, postage receipts, and affidavits of service by IFC's counsel. Based on the record, the bankruptcy court's findings of fact were not clearly erroneous. *Id.* at 52, Exs. 1, 3, 4.

The bankruptcy court recognized Mr. Nolan had been in solitary confinement, but noted he did not file a notice of change of address pursuant to Bankruptcy Rule 7004(b)(9). Hr'g Tr. at 17-18, 27. Similarly, the bankruptcy court did not find compelling Mrs. Nolan's contention that she did not receive the pleadings because she was out of town and did not remember receiving them. Hr'g Tr. at 27. The bankruptcy court concluded, "I have no discretion to grant them a chance to litigate this case after they've let so much time pass without challenging the default judgment." *Id.* at 10. Under the circumstances of this case, the bankruptcy court did not abuse its discretion in denying the Nolans' Rule 60(b) motion.

**CONCLUSION**

The Nolans have not shown that the bankruptcy court's conclusions of law were in error or that its factual findings were clearly erroneous. The bankruptcy court's November 16, 2010 orders denying the Nolans' motion to vacate the August 12, 2009 default judgment and granting IFC's motion for turnover of Mrs. Nolan's vehicle, are affirmed.

ENTER:

Suzanne B. Conlon

Suzanne B. Conlon
United States District Judge

February 22, 2010